UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHH Mortgage Corporation,

                        Plaintiff,

            -against-

Massimo Razionale; New York City Environmental
Control Board; New York City Parking Violations
Bureau; New York City Transit Adjudication Bureau,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/8/2026___

25 Civ. 3029 (AT) (GS)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed Plaintiff's motion for default judgment and supporting papers. *See* ECF Nos. 35–41. Pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1320, "[i]n an action to foreclose a mortgage on a residential property containing not more than three units, in addition to the usual requirements applicable to a summons in the court, the summons shall contain a notice in boldface" with specific language prescribed in § 1320 . The property involved in this action appears to be a two-unit residential property. *See* Assignments, ECF No. 1-4 at 3, 5, 9, 13, 15. The summonses in this case do not contain the required language, *see* ECF Nos. 8–11 (summonses), and although the affidavit of service reports that the notice required by RPAPL § 1320 was sent to Defendant Razionale, *see* ECF Nos. 19, 19-1, 40-10, such notices do not appear to have been produced to the Court and or included with the copies of the papers filed alongside the affidavits of service.

Accordingly, by **January 22, 2026**, Plaintiff shall either indicate to the Court whether it has complied with RPAPL § 1320, and, if so, submit or identify evidence of such compliance, or indicate how Plaintiff may otherwise be entitled to default judgment despite insufficient evidence of compliance with § 1320. *See, e.g.*, *Nationstare Mortgage LLC v. Atanas*, 285 F. Supp. 3d 618, 622–623 (W.D.N.Y. 2018) (evaluating compliance with RPAPL notice requirements in a mortgage foreclosure default judgment action); *Brown v. Amarante*, No. 23 Civ. 3514, 2024 WL 4716364, at *14 (S.D.N.Y. Nov. 8, 2024), *report and recommendation adopted*, No. 23 Civ. 3514, 2025 WL 934318 (S.D.N.Y. Mar. 27, 2025) (on summary judgment motion, finding notice sufficient where notice was printed on separate paper but enclosed with the summons); *cf. Windward Bora, LLC v. Sotomayor*, No. 21 Civ. 7161, 2023 WL 2575582, at *5 (S.D.N.Y. Mar. 20, 2023) (on default judgment motion, noting "courts routinely find that a plaintiff complies with § 1320 by serving the notice along with the summons and complaint"); ECF No. 69-6 in No. 21 Civ. 7161 (summons in *Windward*, with § 1320 notice printed on a separate page).

The Court construes Plaintiff's declaration in support of default judgment as also moving to voluntarily dismiss without prejudice certain other defendants from the case. *See*

Decl., ECF No. 40 at ¶¶ 20–21.  That motion is GRANTED; the Clerk of Court is respectfully directed to eliminate "John Doe #1" through "John Doe #12" from the case caption.

      SO ORDERED.

Dated:  January 8, 2026
        New York, New York

_____
ANALISA TORRES
United States District Judge