UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHH Mortgage Corporation,

                    Plaintiff,

        -against-

Massimo Razionale; New York City Environmental
Control Board; New York City Parking Violations
Bureau; New York City Transit Adjudication
Bureau,

                    Defendants.

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: _2/13/2026_____

25 Civ. 3029 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On August 28, 2025, Plaintiff filed a proposed order to show cause, asking the Court to enter default judgment against Defendants. *See* ECF Nos. 35–41. After reviewing Plaintiff's submissions, by order dated January 8, 2026, the Court ordered Plaintiff to make a further submission explaining its apparent failure to comply with the provisions of New York Real Property Actions and Proceedings Law ("RPAPL") § 1320. *See* ECF No. 43.

By letter dated January 22, 2026, Plaintiff responded, arguing that: (1) Plaintiff has "complied with the federal procedural rules," as "[t]he content of a federal summons" is a procedural matter and not a substantive matter; (2) RPAPL § 1320 notice should not be required because "the defendants have been served with notice of all other proceedings"; and (3) if the Court disagrees with Plaintiff as to its first two arguments, the Court should grant an extension of time to effect proper service of the summons and complaint on Defendants. ECF No. 44.

Plaintiff's first two arguments are meritless. "Before entering a default judgment, the court must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all required procedural steps in moving for a default judgment, and (3) the plaintiff's allegations establish the defendant's liability as a matter of law." *Wilmington Savings Fund Soc., FSB, v. Fernandez*, 712 F. Supp. 3d 324, 330 (E.D.N.Y. 2024). Although the Court may accept the allegations in the Defendant's complaint as true, the Court is still "required to determine whether" the allegations in the complaint "establish [Defendants'] liability as a matter of law" and retains discretion to require proof of additional necessary facts before entering default judgment. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

Regardless of whether RPAPL § 1320 notice is required for Plaintiff to show that "jurisdictional requirements" and "all required procedural steps in moving for a default judgment" have been met in this case, § 1320 compliance is required for Plaintiff to establish its entitlement to relief under New York law, which governs this action. "To prevail in a mortgage foreclosure action under New York law, the plaintiff must satisfy the common law elements and the statutory requirements set forth in Article 13 of [RPAPL]." *Wilmington Savings Fund Soc.*, 712 F. Supp. 3d at 333; *see also OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015). Although the

provisions of RPAPL "are sometimes described as procedural,' they are 'substantive in nature'" and thus govern Plaintiff's entitlement to the foreclosure relief that it seeks by default judgment. *Wilmington Savings Fund Soc.*, 712 F. Supp. 3d at 333–34; *see, e.g., Aronson v.* Callahan, 83 N.Y.S.3d 793–94 (Sup. Ct. Ulster Cnty. 2018) ("[F]ailing to comply with one of the foreclosure reforms['] mandatory conditions precedent will not be deemed a minor irregularity that can be overlooked."). The Court cannot excuse Plaintiff's failure to comply with RPAPL § 1320.

Accordingly, Plaintiff's proposed order to show cause at ECF No. 35 is DENIED, without prejudice to renewal. If Plaintiff wishes to correct the deficiencies identified in this Court's orders, then, by **March 16, 2026**, they shall file and serve renewed papers in accordance with Attachment A of the undersigned's Individual Practices in Civil Cases. Such papers shall include proof of service of the summons and complaint which corrects the deficiencies identified in this Court's orders. The Court understands that any additional service of the summons and complaint must contain both the RPAPL § 1303 and RPAPL § 1320 notices to be sufficient under RPAPL § 1320 ("*[I]n addition to the usual requirements applicable to a summons in the court*, the summons shall contain [the § 1320 notice]." (emphasis added)). *See Avail 1 LLC v. Lemme*, No. 23 Civ. 1527, 2024 WL 4566273, at *5 (N.D.N.Y. Oct. 24, 2024). Plaintiffs are reminded that the § 1320 notice may be appended to the federal summons on a separate page because the federal summons does not contain § 1320 notice language. *See Brown v. Amarante*, No. 23 Civ. 3514, 2024 WL 4716364, at *14 (S.D.N.Y. Nov. 8 2024).

SO ORDERED.

Dated: February 13, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge

2